# UNITED STATES DISTRICT COURT
## District of Kansas
(Topeka Docket)

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

    v.                       **CASE NO.** 22-40083-01/02-HLT

**STACIE MAYES,**
    aka
    "John Wallace,"
    "Cecil Johnson,"
    "Matthew Markle,"
    "Michael R. Jones,"
    "Michael Jones,"

**and**

**ELBERT JOHNSON,**
    aka
    "Jared Lennard,"
    "Roger Crowe,"
    "Lawrence Warren,"

        **Defendants.**

# INDICTMENT

**THE GRAND JURY CHARGES**:

At all times relevant to this Indictment:

## Introduction

1. The defendants, STACIE MAYES and ELBERT JOHNSON, engaged in a scheme to defraud financial institutions located in the District of Kansas and elsewhere, and the Michigan Unemployment Insurance Agency (UIA), causing a loss to these financial institutions and the UIA in an amount exceeding $900,000.00.

2. Central National Bank, located in Topeka, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20.

3. Kaw Valley Bank, located in Topeka, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20.

4. Equity Bank, located in Andover, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20.

5. National Bank of Kansas City, located in Leawood, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20.

6. Bank of Blue Valley, located in Overland Park, Kansas, was a federally insured financial institution as defined in 18 U.S.C. § 20.

7. The Michigan UIA was responsible for the State's unemployment benefits oversight. A person receives unemployment benefits by completing an application by telephone or online at the UIA's website. Direct deposits of UI funds were completed through the automated clearing house ("ACH"), an electronic funds-transfer system that facilitates payments within the United States.

**The Scheme**

8. Beginning in or about February 2020 and continuing until in or about May 31, 2020, the defendants devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud financial institutions by opening bank accounts using fraudulent documents in the names of other individuals and fictitious businesses.

9. The defendants also devised a scheme and artifice to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud the State of Michigan Unemployment Insurance Agency by submitting fraudulent applications for UI benefits causing the State of Michigan to deposit UI benefits into accounts owned and controlled by the defendants.

10. It was part of the scheme that:

a. the defendant MAYES opened business bank accounts at financial institutions using false and fictitious identifiers including but not limited to a name, date of birth, a social security number, entity identification number, address, phone number, physical and email addresses and driver's license including:

- Bank of Blue Valley account ending in 4174 in the name of Tenneco Automotive RSA;
- National Bank of Kansas City account ending in 8329 in the name of Liberty Insurance Underwriters;
- Central National Bank account ending in 7085 in the name of Catholic Services Appeal, LLC;

3

- Kaw Valley Bank account ending in 1856 in the name of Motorola Solutions Holdings, Inc.; and
- Equity Bank account ending in 0056 in the name of Dura-Line Corporation.;

b. the defendant MAYES fraudulently deposited and caused to be deposited a stolen check into account ending in 4174 from TAP Manufacturing LLC in the amount of $108,382.43;

c. the defendant MAYES fraudulently deposited a stolen check into account ending in 8329 from Assured Partners of Washington in the amount of $200,413.50;

d. the defendant MAYES fraudulently deposited and caused to be deposited a stolen check drawn on the account of St. Vincent Pallotti Parish in the amount of $150,175.87, into his Central National Bank account ending in 7085, then withdrew and caused numerous withdrawals from this account;

e. the defendant MAYES fraudulently deposited and caused to be deposited a stolen check drawn on the account of the City of Independence, Missouri in the amount of $639,941.00, into his Kaw Valley account ending in 1856;

f. the defendant MAYES fraudulently deposited and caused to be deposited a stolen check drawn on the account of B&B Supply Inc. in the amount of $375,972.58, into his Equity Bank account ending in 0056, then withdrew and caused numerous withdrawals from this account;

g. the defendant MAYES fraudulently caused the Michigan

4

unemployment insurance (UI) benefits office to electronically transfer UI benefits in the names of other individuals into his Central National Bank account ending in 7085;

      h.      the defendant JOHNSON opened business bank accounts at financial institutions using false and fictitious identifiers including but not limited to a name, date of birth, a social security number, entity identification number, address, phone number, physical and email addresses and driver's license including:

- National Bank of Kansas City account ending in 8278 in the name of Smithfield Farmland Sales Corp;

- Kaw Valley Bank account ending in 2649 in the name of Contracting Services, LLC; and

- Equity Bank account ending in 3478 in the name of Contracting Services, LLC;

      i.      the defendant JOHNSON fraudulently deposited a stolen check into his National Bank of Kansas City account ending in 8278 from West Side Foods, Bronx, NY in the amount of $89,688.76;

      j.      the defendant JOHNSON fraudulently deposited a check from the defendant Mayes's Central National Bank account ending in 7085 into his Kaw Valley Bank account ending in 2649, and withdrew and caused numerous withdrawals from this account; and

      k.      the defendant JOHNSON fraudulently caused the Michigan UI benefits office to electronically transfer UI benefits in the names of other individuals into his Kaw Valley Bank account ending in 2649.

5

# COUNT 1

### CONSPIRACY TO COMMIT BANK FRAUD
### [18 U.S.C. § 1349]

11. Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

12. From on or about February 1, 2020, and continuing to on or about May 31, 2020, in the District of Kansas and elsewhere, the defendants,

**STACIE MAYES
and
ELBERT JOHNSON,**

knowingly, intentionally and unlawfully combined, conspired, confederated, and agreed with each other, and with others known and unknown to the Grand Jury, to commit Bank Fraud, in violation of Title 18, United States Code, Section 1344, by devising and executing a scheme and artifice to defraud financial institutions and to obtain money, funds, credits and assets under the custody and control of financial institutions, as defined by 18 U.S.C. § 20, by means of materially false and fraudulent pretenses, representations and promises.

**Manner and Means**

13. As part of the conspiracy, the defendants engaged in the activities set forth in Paragraphs 1 through 10 above, and the substantive counts of Bank Fraud as set forth below.

In violation of Title 18, United States Code, Section 1349, with reference to Title 18, United States Code Sections 1344 and 2.

# COUNT 2

### CONSPIRACY TO COMMIT WIRE FRAUD
### [18 U.S.C. § 1349]

14. Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

15. From on or about February 1, 2020, and continuing to on or about May 31, 2020, in the District of Kansas and elsewhere, the defendants,

**STACIE MAYES**
**and**
**ELBERT JOHNSON,**

knowingly, intentionally and unlawfully combined, conspired, confederated, and agreed with each other, and with others known and unknown to the Grand Jury, to commit Wire Fraud, in violation of Title 18, United States Code, Section 1343, by devising and executing a scheme and artifice to defraud the Michigan Unemployment Insurance Agency and to obtain money, funds, credits and assets under the custody and control of said Agency, by means of materially false and fraudulent pretenses, representations and promises.

**Manner and Means**

16. As part of the conspiracy, the defendants engaged in the activities set forth in Paragraphs 1 through 10 above, and the substantive counts of Wire Fraud as set forth below.

In violation of Title 18, United States Code, Section 1349, with reference to Title 18, United States Code Sections 1343 and 2.

# COUNTS 3 - 7

**BANK FRAUD**
**[18 U.S.C. § 1344]**

17.     Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

18.     On or about the dates set forth below, in the District of Kansas, the defendants,

**STACIE MAYES**
**and**
**ELBERT JOHNSON,**

knowingly executed and attempted to execute a scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of the federally insured financial institution identified below, by means of materially false and fraudulent pretenses, representations, and promises, and defendants MAYES and JOHNSON participated in the scheme, including by aiding and abetting the other, as follows:

| Count | Date | Financial Institution | Transaction |
|---|---|---|---|
| 3 | 2/19/2020 | National Bank of Kansas City | Defendant JOHNSON deposited a stolen check into account ending in 8278 from West Side Foods, Bronx, NY in the amount of $89,688.76 |
| 4 | 2/20/2020 | Bank of Blue Valley | Defendant MAYES deposited a stolen check into account ending in 4174 from TAP Manufacturing LLC in the amount of $108,382.43 |

| 5 | 4/17/2020 | Central National Bank | Defendant MAYES deposited a stolen check from St. Vincent Pallotti Parish into account ending in 7085 in the amount of $150,175.87 |
| 6 | 4/20/2020 | Kaw Valley Bank | Defendant MAYES deposited a stolen check from City of Independence, MO into account ending in 1856 in the amount of $639,941.00 |
| 7 | 5/7/2020 | Equity Bank | Defendant MAYES deposited a stolen check from B&B Supply into account ending in 0056 in the amount of $375,972.58 |

In violation of Title 18, United States Code, Sections 1344(2) and 2.

## COUNTS 8 – 16

**WIRE FRAUD**
**[18 U.S.C. § 1343]**

19. Paragraphs 1 through 10 are incorporated herein by reference as though fully restated.

20. On or about the dates set forth below, in the District of Kansas and elsewhere, the defendants,

**STACIE MAYES**
**and**
**ELBERT JOHNSON,**

for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of the Michigan Unemployment Insurance Agency, by means of materially false and fraudulent pretenses, representations, and promises, with the intent to defraud, knowingly transmitted and caused to be

9

transmitted by means of wire communication in interstate and foreign commerce, certain signs, signals, pictures and sounds as follows:

| Count | On/About Date | Transmission |
|---|---|---|
| 8 | 5/5/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 1856, in the amount of $2,760.00, in the name of J.B. |
| 9 | 5/5/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 2649, in the amount of $3,360.00, in the name of O.K. |
| 10 | 5/6/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 1856, in the amount of $4,120.00, in the name of J.B. |
| 11 | 5/6/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 2649, in the amount of $5534.00, in the name of A.G. |
| 12 | 5/6/2020 | ACH deposit from Michigan UIA into Equity Bank account ending in 3478, in the amount of $5,534.00, in the name of L.P. |
| 13 | 5/13/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 2649, in the amount of $4,880.00, in the name of S.S. |
| 14 | 5/13/2020 | ACH deposit from Michigan UIA into Central National Bank account ending in 7085, in the amount of $6,496.00, in the name of N.C. |
| 15 | 5/13/2020 | ACH deposit from Michigan UIA into Equity Bank account ending in 3478, in the amount of $4,880.00, in the name of D.A. |
| 16 | 5/13/2020 | ACH deposit from Michigan UIA into Kaw Valley Bank account ending in 2649, in the amount of $4,880.00, in the name of T.J. |

In violation of Title 18, United States Code, Sections 1343 and 2.

## FORFEITURE NOTICE

21.     The allegations contained in Paragraphs 1 through 20 and Counts 1 through 16 of this Indictment are hereby realleged and incorporated by reference for the purpose

of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2) and Title 28, United States Code, Section 2461.

22. Upon conviction of one or more of the offenses set forth in Counts 1 - 16 of this Indictment, the defendants shall forfeit to the United States of America, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(2) and Title 28, United States Code, Section 2461(c), any property, real or personal, constituting or derived from the proceeds of such violations. The property to be forfeited includes, but is not limited to, the following:

    A. Money Judgment - A forfeiture money judgment against each defendant in an amount equal to the amount of gross proceeds obtained or derived by that defendant from the commission of Counts 1 - 16;

    B. Currency and Bank Funds:

        1. $24,959.93 seized on January 14, 2022, from account of Catholic Services Appeal LLC ending in 7085 at Central National Bank;

        2. $1,226.00 seized on July 9, 2020, from account of Motorola Solutions Holdings, Inc. ending 1856 at Kaw Valley Bank;

        3. $2,895.38 seized on July 9, 2020 from account of Contracting Services, LLC. ending 2649 at Kaw Valley Bank.

23. If any of the property described above, as a result of any act or omission of the defendants:

    A. cannot be located upon the exercise of due diligence;

    B. has been transferred or sold to, or deposited with, a third party;

    C. has been placed beyond the jurisdiction of the court;

    D.  has been substantially diminished in value; or

    E.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

                A TRUE BILL.

November 9, 2022         s/Foreperson
DATE              FOREPERSON OF THE GRAND JURY


DUSTON J. SLINKARD
UNITED STATES ATTORNEY

By: /s/ Christine E. Kenney
CHRISTINE E. KENNEY
Assistant United States Attorney
District of Kansas
444 Quincy St., Suite 290
Topeka, Kansas  66683
Ph: (785) 295-2850
Fax: (785) 295-2853
Email: Christine.kenney@usdoj.gov
Ks. S. Ct. No. 13542

> IT IS REQUESTED THAT THE TRIAL BE HELD IN TOPEKA, KANSAS

# PENALTIES

## Counts 1, 3 - 7
## [Conspiracy to Commit Bank Fraud and Substantive Bank Fraud Counts]

- Punishable by a term of imprisonment of not more than thirty (30) years. 18 U.S.C. § 1344.

- A term of supervised release of not more than five (5) years. 18 U.S.C. § 3583(b)(1).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution and Forfeiture.

## Counts 2, 8 - 16
## [Conspiracy to Commit Wire Fraud and Substantive Wire Fraud Counts]

- Punishable by a term of imprisonment of not more than twenty (20) years. 18 U.S.C. § 1343.

- A term of supervised release of not more than three (3) years. 18 U.S.C. § 3583(b)(2).

- A fine not to exceed $250,000. 18 U.S.C. § 3571(b)(3). In the alternative, the defendant may be fined not more than the greater of twice the gross gain or twice the gross loss. 18 U.S.C. § 3571(d).

- A mandatory special assessment of $100.00. 18 U.S.C. § 3013(a)(2)(A).

- Restitution and Forfeiture.